AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>LISA ANN RAINES<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)  1:19-mj-1096<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __07/01/2009-04/12/2016__ in the county of __Hamilton__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michelle Denise Holley, Special Agent/FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/04/2019

_____
*Judge's signature*

City and state: Indianapolis, IN

Hon. Mark J. Dinsmore, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michele Denise Holley, having been duly sworn, hereby depose and state:

## VIOLATIONS OF FEDERAL LAW

1. This affidavit is being submitted to establish probable cause that Lisa Ann Raines has violated Title 18, United States Code, Section 1343, wire fraud.

## AFFIANT

2. I am a Special Agent of the Federal Bureau of Investigation ("FBI") currently assigned to the Indianapolis Office. I am presently assigned to a white collar crime squad that has investigative responsibility for fraud and other white collar criminal matters and have received training in the area of white collar crime. I have been a Special Agent with the FBI for four years and two months. As an FBI Agent, I have participated in numerous arrests, investigations, and searches and have investigated federal criminal violations of Title 18 crimes.

3. Your affiant has participated in the investigation of the offenses described within this affidavit. The statements contained in this affidavit are based on my experience and training as a Special Agent of the FBI, information provided to me from witnesses, and documents reviewed during the course of this investigation. Since this affidavit is being submitted for the purpose of securing a warrant for the arrest of Lisa Ann Raines, your Affiant has not included each and every fact that has been revealed through the course of this investigation. Your Affiant has set forth only the facts that are believed to be necessary to establish the required foundation for the issuance of the requested Warrant.

4. The purpose of this affidavit is to set forth probable cause for a criminal complaint charging Lisa Ann Raines with the violation of Title 18, United States Code, Section 1343, wire fraud.

## SUMMARY OF AFFIDAVIT

5. I submit that the facts set forth in this affidavit establish that there is probable cause to believe Lisa Ann Raines knowingly violated Title 18, United States Code, Section 1343, in that, as detailed below, between July 1, 2009 and April 12, 2016, she caused sixty-five (65) wire transfers to be sent via interstate wire in furtherance of the scheme described below.

## REQUIREMENTS OF FEDERAL LAW

6. Title 18, United States Code, Section 1343 makes it illegal to devise any scheme or artifice to defraud, and transmits or causes to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, pictures, or sounds for the purposes of executing such scheme.

## NATURE OF THE SCHEME

7. By way of background, Seven Corners, Inc. (SC) is a privately-held international travel insurance and specialty benefit management company headquartered at 303 Congressional Boulevard, Carmel, Indiana 46032. The coverage provided by SC is underwritten by insurance carriers. When SC pays a claim, it comes from a fiduciary account funded by these carriers. SC's travel insurance products can be purchased by travelers directly from SC, but it also administers travel insurance programs offered or provided by businesses, associations, and governments to their employees, members, and others.

8. Lisa Ann Raines (Raines) was an employee working as a Senior Finance Technician for SC from March 2006 until November 2016, at which time she was terminated for performance issues. Her primary role during her employment at SC was claims funding. Raines was responsible for batching payments for claims and releasing checks and ACH's for disbursement. As part of her duties, Raines had access to SC's Western Union (WU) account and

would pay claims and commissions through WU.

9. WU is an American worldwide financial services and communications company that offers products such as person-to-person money transfers, money orders, business payments, and commercial services.

10. Raines, through her job responsibilities, was able to create a fictitious business name, L & B Tape, Co., and input this business name as a beneficiary into SC's computer system for WU payments. Raines was then able to cause payments to be made from SC's WU account to a business account for L & B, which was actually an account opened by Raines.

## FACTS ESTABLISHING PROBABLE CAUSE

11. According to bank records, on or about March 9, 2006, Raines opened a bank account with Forum Credit Union in the name of "L & B Tape Co.," using the business address 2014 Rosewood Dr., Anderson, Indiana. This address is known to be Raines' personal residence at the time this account was opened. Raines is listed as the only authorized signer on this account.

12. Research was conducted on "L & B Tape, Co.," and your affiant could find no business by this name registered with the Indiana Secretary of State or on publicly available database searching.

13. According to bank records and documents received from SC, Raines initiated a total of sixty-five (65) payments from SC's WU account, each funded by accounts held by SC at Wells Fargo Bank, N.A., to the L & B business account held by Raines. These fraudulent payments resulted in a loss of $2,129,689.86 and were all done through the use of interstate electronic signals, including on or about November 2, 2019 from Indiana to California.

14. On July 20, 2018, Federal Agents interviewed J.B. who had been SC's Controller for approximately one year. J.B. confirmed that Raines was responsible for approximately $2.2

million in fraudulent payments to L & B. The fraud was first discovered when J.B. received an email from another SC employee, who noticed the WU report looked odd. There was nothing in the reference fields for some of the payments. Through some investigating, J.B. found a high quantity of payments paid to L & B, a beneficiary she did not recognize. All of these payments were entered and paid by Raines. J.B. explained that SC's General Claims account is used to pay claims for a handful of carriers. J.B. found several instances where money was transferred from one account into the General Claims account. For example, to fund the March 2, 2016 WU payment to L & B, a debit of $50,000.00 was taken from the United States Department of State (USDOS) account and transferred to the General Claims account.

15. On July 16, 2018, Federal Agents interviewed K.Z., who had been SC's Chief Financial Officer (CFO) for approximately one year. K.Z. confirmed that Raines was responsible for approximately $2.2 million in fraudulent payments to L & B, as he was part of the internal investigative team that discovered the fraud. In November 2011, Raines initiated payments to L & B from Seven Corners' Western Union account in the following amounts: $275,000.00, $200,000.00, and over $100,000.00. Through research, K.Z. discovered that Raines purchased a house in Anderson, Indiana, around the same time for $605,000.00. In November 2015, Raines bought a restaurant/bar in Lapel, Indiana, called Mardi Gras Too. The internal investigation found that around the same time period, Raines initiated about $200,000.00 in payments to L & B from SC's WU account. According to WU records provided to SC, Raines funded the WU payments from four different SC accounts, but the majority of WU payments to L & B were funded from the General Claims account, which K.Z. described as a pass-through account.

16. Each time Raines initiated a WU payment to L & B, she received an email confirmation to her SC email account. The email contained the amount of each transaction and the beneficiary

bank account the money was being deposited into, which was the L & B business account held by Raines. For example, on November 26, 2014, Raines received an email to her work email address of Lisa.Raines@sevencorners.com from globalpay@WesternUnion.com. The subject line said "WUBS Outgoing Payment Confirmation for OTR4117674." The email contained a confirmation of an outgoing WU payment of $25,000.00 to an account at Forum Credit Union in the name of L & B Tape Co. The confirmation was addressed to Lisa Raines. On November 26, 2014, $25,000.00 was wired to the L & B business account at Forum Credit Union.

17. On October 30, 2019, Federal Agents interviewed Raines. Raines confirmed she was the only person with access to her work email address, Lisa.Raines@sevencorners.com. Raines admitted to opening a business account at Forum Credit Union in 2006 for L & B Tape, Co., intending to use this business for the purpose of selling tapes to churches. However, Raines never did anything with it and admitted that L & B was never a legitimate business. Raines admitted to making the WU transfers from SC's account into her L & B business account at Forum Credit Union. Raines admitted that the money she took from SC went towards the purchase of her current residence, 15 S. Creedmoor Way, Anderson, Indiana.

5

## **CONCLUSION**

18.     Therefore, on the facts and for the reasons set forth above, your Affiant submits that there is probable cause to believe that violations of Title 18, United States Code, Section 1343 have been committed by Lisa Ann Raines.

_____
Michele Denise Holley, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me, this 4th day of December, 2019.

_____
The Honorable Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana